**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**WILBERT DARNELL CROOK**                                                              **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO. 2:07cv167-MTP**

**BILLY MCGEE, et al.**                                                              **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the court *sua sponte* for consideration of the plaintiff's claims

set forth in his pleadings and as asserted during his *Spears* hearing on December 18, 2007.  The

court has screened this matter for the orderly disposition of the case pursuant to 28 U.S.C. §

1915(e)(2)(B).[1]

IT IS, THEREFORE, ORDERED:

1.        That plaintiff's claim for denial of access to the courts/law library is

DISMISSED with prejudice.  Plaintiff testified at his *Spears* hearing that he currently has three

actions pending: this civil rights action, his criminal action in circuit court, and a chancery court

action.  Plaintiff testified that he requested access to the law library to do independent research

for these matters.  Although plaintiff admitted that he is being represented by court-appointed

---

[1]Section 1915(e)(2) states as follows:

Notwithstanding any filing fee, or any portion thereof, that may have been paid,
the court shall dismiss the case at any time if the court determines that--
. . .
(B) the action or appeal--
(i)        is frivolous or malicious;
(ii)       fails to state a claim on which relief may be granted; or
(iii)      seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

counsel for the criminal charges pending against him, he testified that he is not satisfied with his

representation.  However, plaintiff's testimony reflects that he has received no adverse action in

any of his pending cases as a result of the denial of access to the law library.  Plaintiff testified

that he has received no adverse ruling in this action; there has been no adverse ruling in the

chancery court action; and that there has been no court hearings or adverse rulings in his criminal

action.  In fact, plaintiff testified that the chancery court judge stayed his chancery court

proceeding, which actually helped him.

Because plaintiff has failed to show any actual injury as result of his claim for denial of

access to the courts/law library, such claim is properly dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B).  *See Dickerson v. Jordan*, 34 Fed. Appx. 962, No. 01-21106, 2002 WL 663719, at

*1 (5th Cir. March 26, 2002) (affirming dismissal of claim for denial of access to courts pursuant

to § 1915(e)(2)(B) because plaintiff failed to allege an actual injury); *Morgan v. Goodwin*, 193

F.3d 1518, No. 98-21069, 1999 WL 706222, at *1 (5th Cir. Aug. 24, 1999) (affirming dismissal

of claim for denial of access to courts pursuant to § 1915(e)(2)(B) because plaintiff failed to

prove that his legal position was prejudiced by the alleged violation; plaintiff failed to allege

which claims he was prevented from presenting to the courts).

2.      That plaintiff's claim regarding his conditions of confinement is DISMISSED

with prejudice.  During his *Spears* hearing, plaintiff testified that the jail is overcrowded, he has

to sleep on a mattress on the floor, there is mold in his cell and in the showers, there are no

cleaning supplies, and that he is forced to share a tube of toothpaste with thirty other inmates.

However, plaintiff did not claim that he has been injured or damaged as a result of such

conditions; rather, he testified that he fears he will contract a transferable disease from another

inmate.

"The constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996).  "A pretrial detainee's due process rights are said to be as least as great as the Eighth Amendment protections available to a convicted prisoner."  *Hare*, 74 F.3d at 639 (internal quotations and citations omitted).

Under the reasonable relationship test set forth in *Bell v. Wolfish*, 441 U.S. 520 (1979), "a pretrial detainee cannot be subjected to conditions or restrictions that are not reasonably related to a legitimate governmental purpose."  *Hare*, 74 F.3d at 640.

"Overcrowding of persons in custody is not *per se* unconstitutional."  *Collins v. Ainsworth,* 382 F.3d 529, 540 (5th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347-50 (1981)).  Rather, the constitution only prohibits the "imposition of conditions of confinement on pretrial detainees that constitute 'punishment.'"  *Collins*, 382 F.3d at 540 (quoting *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)).   Plaintiff has failed to show that the overcrowding of the jail, which deprived him of an elevated bed, amounted to punishment and was not reasonably related to a legitimate governmental purpose.  *See Collins*, 382 F.3d at 545-46 (holding that while the jail exceeded capacity during the plaintiffs' stay, the plaintiffs failed to show that the alleged "unsuitable conditions" amounted to punishment in violation of the Fourteenth Amendment[,]" and reasoning that the inability to get judges to the jail on a Sunday combined with the bad weather conditions were "legitimate, practical concerns reasonably related to the overcrowding conditions . . . [that] easily [met] the deferential, rational basis *Bell* test").  The plaintiff does not enjoy a constitutional right to an elevated bed.  *See Mann v. Smith*, 796 F.2d 79,

85 (5th Cir. 1986) (stating that the court was unaware of any authority for the proposition that the

Constitution requires elevated beds for prisoners).

Plaintiff's claim that the shower and cell he is forced to share with other inmates are

unsanitary and covered in mold also fails to rise to the level of a constitutional violation.

Plaintiff has failed to show that such conditions amount to punishment and are not reasonably

related to a legitimate governmental purpose.  *See Lee v. Hennigan*, 98 Fed. Appx. 286, 287-88

(5th Cir. 2004) (affirming dismissal of claim regarding the unsafe condition of shower facilities,

where plaintiff failed to allege "the shower design [was] punitive and not reasonably related to a

legitimate governmental objective"); *see also Carter v. Lowndes County*, 89 Fed. Appx. 439, No.

03-60188, 2004 WL 393333, at *1 (5th Cir. Jan. 23, 2004) (dismissing conditions of confinement

claim for solitary confinement in an unsanitary cell and denial of shower privileges, where

plaintiff failed to show that conditions amounted to punishment and were not incident to some

other legitimate governmental purpose); *Mahmoud v. Bowie*, 234 F.3d 29, No. 99-31255, 2000

WL 1568178, at *2 (5th Cir. Sept. 14, 2000) (dismissing plaintiff's claim for unsanitary shower

conditions, holding that such claim was conclusional and/or *de minimis* and did not rise to the

level of a constitutional violation).  "The fact that a detention interfered with a prisoner's desire

to live as comfortably as possible does not convert the conditions of confinement into

punishment."  *Lee*, 98 Fed. Appx. at 288 (citing *Bell*, 441 U.S. at 537, 539).

Finally, plaintiff's claim that he was forced to share a tube of toothpaste with about thirty

other inmates, which exposed him to diseases, does not amount to a constitutional violation.

Applying the *Bell* test, plaintiff has failed to show that the jail supplying the inmates with large

tubes of toothpaste to share amounted to punishment and was not reasonably related to a

legitimate governmental purpose.  Plaintiff does not claim that he was deprived of toothpaste; rather, he just did not have his own tube.  Further, plaintiff did not claim that he has actually contracted a disease from sharing the tubes of toothpaste with other inmates; rather, he testified that he "feared" that he may contract a disease.

Accordingly, plaintiff's claim regarding his conditions of confinement fails to state a claim upon which relief may be granted.

3.      That the dismissal of plaintiff's claims for denial of adequate medical treatment regarding his dental care and the untimely removal of the staples in his head is not appropriate at this time.  The parties are directed to proceed with these remaining claims as directed in the Scheduling and Case Management Order [25] entered by the court.

SO ORDERED this the 2nd day of January, 2008.

s/ Michael T. Parker
United States Magistrate Judge