IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WILBERT DARNELL CROOK**                                                                                   **PLAINTIFF**

**VS.**                                                                                    **CIVIL ACTION NO. 2:07cv167-MTP**

**BILLY MCGEE, ET AL.**                                                                                **DEFENDANTS**

### ORDER OF DISMISSAL

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to comply with certain orders of the court. The plaintiff, proceeding *in forma pauperis*, filed his civil rights Complaint [1] on August 14, 2007. Based on the record in this case and the applicable law, the court finds that this action should be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's rule 41(b) discretionary authority). This case exemplifies the type of inaction that warrants rule 41(b) dismissal.

On February 5, 2008, the court attempted to serve the plaintiff with a copy of the Text

---

[1] "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

Order granting defendants' Motion for Relief From Scheduling Order [30], and the envelope containing the service copy was returned to the clerk as undeliverable and marked "ANK, RTS."[2] *See* Docket Entry [31].  On February 12, 2008, the court entered an Order to Show Cause [32] giving the plaintiff until March 4, 2008, to show cause why the case should not be dismissed for his failure to comply with the court's orders and to keep the court informed of his current address.  On February 13, 2008, the court attempted to serve the plaintiff with a copy of the Text Order granting defendants' Motion for an Extension of Time to File Motion for Summary Judgment [33], and the envelope containing the service copy was returned to the clerk as undeliverable and marked "RTS."  *See* Docket Entry [35].

The deadline for the plaintiff to respond to the Show Cause Order [32] has passed, and the plaintiff has not responded to the Order.  In fact, the Show Cause Order [32] sent to plaintiff was returned as "undeliverable."  *See* Docket Entry [34].   Further, the plaintiff has not filed any pleadings or documents or otherwise communicated with this court since his *Spears*[3] hearing on December 18, 2007.

With its clear record of delay, this case may properly be dismissed under rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995).

The plaintiff–incarcerated or not–has an obligation to inform the court of any address

---

[2]Presumably, "Addressee Not Known," "Return to Sender."

[3]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

2

changes: "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes."  Uniform Local Rule 11.1;  *see also Wade v. Farmers Ins. Group,* No. 01-20805, 2002 WL 1868133, at *1, n.12 (5th Cir. June 26, 2002) (on appeal of district court's denial of motion for reconsideration of dismissal for failure to prosecute, noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address").  This burden may not be shifted from the plaintiff as it is "neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail."  *Ainsworth v. Payne,* No. 1:05cv297LG-JMR, 2006 WL 2912571, at *1 (S.D. Miss. October 10, 2006) (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)).

The court has warned the plaintiff several times that his failure to advise the court of a change in address and otherwise comply with this court's orders could result in dismissal.[4]  However, the plaintiff has failed to keep the court apprised of his address.

Not only has the plaintiff failed to timely inform the Clerk of his change in address, he has not inquired as to the status of his case[5] or otherwise filed any pleadings or communicated with this court since December 18, 2007.  From this it appears that the plaintiff has lost interest

---

[4] *See* Orders [3][4][7][8][11].

[5] *See Ainsworth*, 2006 WL 2912571, at *1 (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)) ("In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquires.  Address changes normally would be reflected by those inquiries if made in writing.")

in proceeding with this action and has abandoned it.

IT IS, THEREFORE, ORDERED that this matter is hereby DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b) .

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED AND ADJUDGED this the 6th day of March, 2008.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge